UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**THOMAS EDWARD HUMPHREY,**
   **Plaintiff,**

  **v.**              **CIVIL ACTION NO. 24-10093-IT**

**MODESTO POLICE DEPARTMENT,**
   **Defendant.**

ORDER
April 16, 2024

**TALWANI, D.J.**

  This action is hereby TRANSFERRED to the United States District Court for the Eastern District of California pursuant to the 28 U.S.C. §1406(a) (requiring dismissal or, if in the interest of justice, transfer of an action where venue is improper). On April 10, 2024, this court ordered Thomas Edward Humphrey to show cause why this action should not be transferred due to improper venue. Order [Doc. No. 4]; 28 U.S.C. § 1390(a) ("venue" refers to "the geographic specification of the proper court or courts for the litigation of a civil action that is within the subject-matter jurisdiction of the district courts."). As the court previously explained, venue is improper in the District of Massachusetts because the Defendant does not reside in Massachusetts, and none of the alleged actions or omissions – an arrest in California – occurred in the District of Massachusetts. See 28 U.S.C. § 1391(b) (venue is typically premised on, among other things, the judicial district where the defendants reside, or where the acts and omissions occurred). See 28 U.S.C. § 1391(b). Here, the detailed narrative attached to the Complaint describes Mr. Humphrey's 2021 arrest in Modesto, California. See Complaint [Doc. No. 1].

  On April 12, 2024, Mr. Humphrey filed a response, stating that he does not oppose the transfer of this case to the Eastern District of California. Response [Doc. No. 6].

Accordingly, because the action is improperly venued, it may be dismissed or transferred to a federal court with proper venue, here apparently the Eastern District of California. See Axcella Bldg. Realty Tr. v. Thompson, No. CV 23-40151-DHH, 2024 WL 474539, at *2 (D. Mass. Jan. 25, 2024) (citation omitted) (screening and dismissing a complaint when it is "obvious from the face of the complaint and no further factual record is required' to determine that venue is improper."). The court rules that it is in the interest of justice to transfer the action to the Eastern District of California because venue appears proper in that district. The court takes no position as to the merits of the action.

**SO ORDERED.**

April 16, 2024                                            /s/ Indira Talwani
                                                         Indira Talwani
                                                         United States District Judge