1

2

3

4

5

6

7                           UNITED STATES DISTRICT COURT

8                    FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   THOMAS EDWARD HUMPHREY,          Case No. 2:24-cv-01127-DC-CSK

11                Plaintiff,          FINDINGS AND RECOMMENDATIONS
                                      GRANTING DEFENDANT'S MOTION TO
12         v.                         DISMISS AND DENYING PLAINTIFF'S
                                      MOTION TO AMEND
13   MODESTO POLICE DEPARTMENT,
                                      (ECF Nos. 13, 16)
14                Defendant.

15

16         Pending before the Court is Defendant Modesto Police Department's motion to

17   dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) and Plaintiff Thomas

18   Edward Humphrey's motion to amend.[1] (ECF Nos. 13, 16.) For the reasons that follow,

19   the Court recommends GRANTING Defendant's motion to dismiss without leave to

20   amend and DENYING Plaintiff's motion to amend.

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26

27

28   [1]  This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R.
     Civ. P. 72, and Local Rule 302(c).

                                            1

1  **I.    BACKGROUND**

2      **A.    The Complaint[2]**

3      Plaintiff's Complaint asserts diversity jurisdiction as the basis for subject matter

4  jurisdiction. (ECF No. 1.) The bulk of Plaintiff's allegations are in different attachments of

5  the Complaint. Plaintiff's attachment of an email correspondence to Modesto Police

6  Department's Chief of Police Brandon Gillespie indicates Plaintiff is "seeking

7  compensatory damages for personal injury and loss of property caused by the tortious

8  conduct of the Modesto Police Department." ECF No. 1-2 at 8. Also attached to the

9  Complaint, Plaintiff includes a Federal Tort Claims Act Standard Form 95 which presents

10  the following allegations. ECF No. 1-2 at 4-12.

11      Plaintiff alleges that on or about July 6, 2021, he was awaken by "two police

12  officers of the Modesto Police Department knocking on [his] window and shining

13  flashlights in [his] van." ECF No. 1-2 at 6. Plaintiff alleges the police officers claimed

14  there was a call about a woman lying on the ground near his van. *Id.* Plaintiff explained

15  to the police officers that he had just arrived from Missouri and that he "never saw or

16  heard a woman around or near [his] van." *Id.* Plaintiff alleges he "explained to them [his]

17  current status and standing and gave them [his] American National ID and our Nation's

18  public notice." *Id.* Plaintiff alleges the police officers disregarded his documents and

19  stated Plaintiff "was trying to conceal [his] identity and proceeded to violate [his] rights."

20  *Id.* Plaintiff further alleges he was physically removed from his "dwelling, handcuffed,

21  searched and […] illegally deprived of all of [his] possessions." *Id.* Plaintiff alleges his

22  van and motorcycle were towed and placed on hold by the Modesto Police Department.

23  *Id.* For relief, Plaintiff seeks damages totaling $596,380. ECF No. 1-2 at 6.

24  / / /

25  _____

26  [2]   These facts primarily derive from the Complaint (ECF No. 1), which are construed in
the light most favorable to Plaintiff as the non-moving party. *Faulkner v. ADT Sec.*

27  *Servs.*, 706 F.3d 1017, 1019 (9th Cir. 2013). However, the Court does not assume the
truth of any conclusory factual allegations or legal conclusions. *Paulsen v. CNF Inc.*, 559

28  F.3d 1061, 1071 (9th Cir. 2009).

1        **B.    Procedural Background**

2            Plaintiff initiated this action on January 10, 2024 in the United States District Court

3    for the District of Massachusetts. (ECF No. 1.) On April 10, 2024, the United States

4    District Court for the District of Massachusetts granted Plaintiff's motion to proceed in

5    forma pauperis and issued an order to show cause why this action should not be

6    transferred to the Eastern District of California as venue did not appear to be proper in

7    the District of Massachusetts. (ECF No. 4.) On April 12, 2024, Plaintiff filed his response

8    indicating he did not oppose the transfer. (ECF No. 6.) On April 16, 2024, the United

9    States District Court for the District of Massachusetts transferred this action to the

10   Eastern District of California. (ECF No. 7.)

11           On May 17, 2024, Plaintiff filed a motion to amend the Complaint pursuant to

12   Federal Rules of Civil Procedure 15(a). (ECF No. 13.) In his motion, Plaintiff stated he

13   had "mistaken[ly]" brought this action under the Federal Tort Claims Act and has since

14   "ascertained that in order to bring a claim against the Modesto Police Department,

15   claims are to be pursued under the California Tort Claims Act (California Government

16   Code § 810 et seq.)[.]" *Id*. ¶¶ 1, 3. Plaintiff also stated that while his claims were "time-

17   barred under the California Tort Claims Act's statute of limitations, [his claims] were

18   timely filed under the mistaken belief that the Federal Tort Claims Act's statute of

19   limitations applied." *Id*. ¶ 4. As such, Plaintiff "seeks the Court's equitable consideration

20   to apply the timely filing under the Federal Tort Claims Act to the California Tort Claims

21   Act in recognition of his good faith error." *Id.*

22           On July 29, 2024, Defendant filed the instant motion to dismiss, setting it for a

23   September 3, 2024 hearing before the undersigned. Def. Mot. (ECF No. 16.) Plaintiff did

24   not respond to the motion. *See* Docket. On August 16, 2024, the Court took Defendant's

25   motion under submission, vacated the hearing, and ordered that Plaintiff submit a written

26   response by August 30, 2024. (ECF No. 19.) Plaintiff did not respond. *Id.*

27   / / /

28   / / /

1  **II.    LEGAL STANDARDS**

2      **A.    Pro Se Pleadings, Construction and Amendment**

3          Pro se pleadings are to be liberally construed and afforded the benefit of any

4  doubt. *Chambers v. Herrera*, 78 F.4th 1100, 1104 (9th Cir. 2023). Upon dismissal of any

5  claims, the court must tell a pro se plaintiff of a pleading's deficiencies and provide an

6  opportunity to cure such defects. *Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848, 854 (9th

7  Cir. 2016). However, if amendment would be futile, no leave to amend need be given.

8  *Lathus v. City of Huntington Beach*, 56 F.4th 1238, 1243 (9th Cir. 2023).

9          In reviewing a motion to dismiss, the court may not consider facts raised outside

10  the complaint (such as in an opposition brief), but it may consider such facts when

11  deciding whether to grant leave to amend. *Broam v. Bogan*, 320 F.3d 1023, 1026 n.2

12  (9th Cir. 2003).

13      **B.    Failure to State a Claim under Rule 12(b)(6)**

14          A claim may be dismissed because of the plaintiff's "failure to state a claim upon

15  which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint fails to state a claim if

16  it either lacks a cognizable legal theory or sufficient facts to support a cognizable legal

17  theory. *Mollett v. Netflix, Inc.,* 795 F.3d 1062, 1065 (9th Cir. 2015). To state a claim on

18  which relief may be granted, the plaintiff must allege enough facts "to state a claim to

19  relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570

20  (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows

21  the court to draw the reasonable inference that the defendant is liable for the misconduct

22  alleged." *Ashcroft v. Iqbal*, 556 U.S. 678 (2009). When considering whether a claim has

23  been stated, the court must accept the well-pleaded factual allegations as true and

24  construe the complaint in the light most favorable to the non-moving party. *Id.* However,

25  the court is not required to accept as true conclusory factual allegations contradicted by

26  documents referenced in the complaint, or legal conclusions merely because they are

27  cast in the form of factual allegations. *Paulsen*, 559 F.3d at 1071.

28  / / /

1  **III.    DISCUSSION**

2       Defendant moves to dismiss the Complaint for failure to state a claim upon which

3  relief can be granted pursuant to Federal Rules of Civil Procedure 12(b)(6). Def. Mot.

4  Though the Court provided Plaintiff with additional time to respond to the motion, Plaintiff

5  has not filed a response or opposition to the motion, thereby seemingly conceding the

6  issue. *See* 8/16/2024 Minute Order; E.D. Cal. Local Rule 230(c) ("A failure to file a timely

7  opposition may also be construed by the Court as a non-opposition to the motion.")

8       Prior to addressing Defendant's grounds for dismissal, the Court will first examine

9  what appears to be Plaintiff's attempts to raise a claim under the Federal Tort Claims

10  Act. *See* ECF No. 1-2 at 2-5; *Omar v. Sea Land Services, Inc.*, 813 F.2d 986, 991 (9th

11  Cir. 1987) (courts may sua sponte raise inadequacies in a complaint in the context of a

12  Rule 12(b)(6) motion).

13       **A.    The Federal Tort Claims Act**

14       The Federal Tort Claims Act "gives federal district courts exclusive jurisdiction

15  over claims against the United States for 'injury or loss of property, or personal injury or

16  death caused by the negligent or wrongful act or omission' of federal employees acting

17  within the scope of their employment." *Levin v. United States*, 568 U.S. 503, 506 (2013)

18  (quoting 28 U.S.C. § 1346(b)(1)). The only proper defendant in a Federal Tort Claims Act

19  is the United States. *Lance v. United States*, 70 F.3d 1093, 1095 (9th Cir. 1995) (citing

20  *Woods v. United States*, 720 F.2d 1451, 1452 n.1 (9th Cir. 1983)). Here, Plaintiff has not

21  named the United States as a defendant, and there are no allegations to suggest that

22  there is a federal government actor. The allegations solely involve the Modesto Police

23  Department, a local law enforcement agency. *See* ECF No. 1 at 1, 2; 1-2 at 3-4, 6.

24  Additionally, Plaintiff concedes in his motion to amend that the Federal Tort Claims Act

25  does not apply to Defendant. *See* ECF No. 13 ¶ 3. Because Plaintiff cannot state a

26  cognizable claim pursuant to the Federal Tort Claims Act, the Court recommends

27  dismissing Plaintiff's Federal Tort Claims Act claim without leave to amend. *See Lopez v.*

28  *Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000); *Cato v. United States*, 70 F.3d 1103,

1  1105-06 (9th Cir. 1995).

2  **B.    Failure to State a Claim**

3  Defendant seeks dismissal for failure to state a claim based on Plaintiff's failure to

4  assert specific legal claims in the Complaint.[3] Def. Mot. at 6-7. The Court agrees. Not

5  only does the Complaint lack a cognizable legal theory, it also does not assert any viable

6  cause of action or any specific causes of action besides reference to the Federal Tort

7  Claims Act. *See generally* ECF No. 1. A court is not required "to accept as true

8  allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable

9  inferences." *In re Gilead Sciences Securities Litig.*, 536 F.3d 1049, 1055 (9th Cir.2008)

10  (citation omitted). Furthermore, "it is not…proper, to assume that the [plaintiff] can prove

11  facts that it has not alleged or that the defendants have violated ... laws in ways that

12  have not been alleged." *Associated General Contractors of California, Inc. v. California*

13  *State Council of Carpenters*, 459 U.S. 519, 526 (1983). Therefore, the Court

14  recommends dismissing the Complaint because it fails to state a claim upon which relief

15  can be granted. *See* Fed. R. Civ. P. 12(b)(6).

16  **C.    Leave to Amend**

17  If the court finds that a complaint should be dismissed for failure to state a claim, it

18  has discretion to dismiss with or without leave to amend. *Lopez*, 203 F.3d at 1126-30.

19  Leave to amend should be granted if it appears possible that the defects in the complaint

20  could be corrected, especially if a plaintiff is pro se. *Id*. at 1130-31; *see also Cato,* 70

21  F.3d at 1106 ("A pro se litigant must be given leave to amend his or her complaint, and

22  some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the

23  complaint could not be cured by amendment.") (citation omitted). However, if, after

24  careful consideration, it is clear that a complaint cannot be cured by amendment, the

25  court may dismiss without leave to amend. *Cato*, 70 F.3d at 1105-06.

26

27  [3]  The Court declines to address Defendant's alternative grounds for dismissal because
28  it finds dismissal of the Complaint without leave to amend is warranted for the reasons
    stated herein.

1    As outlined above, Plaintiff's Complaint is fatally flawed because Plaintiff does not

2    state any claim upon which relief can be granted. Plaintiff asserts unspecified tort claims

3    under the Federal Tort Claims Act against Defendant Modesto Police Department, a

4    local law enforcement agency who is not a proper defendant under the Act. Plaintiff

5    concedes in his motion to amend that the Federal Tort Claims Act does not apply to

6    Defendant. *See* ECF No. 13 ¶ 3. Additionally, Plaintiff's proposal to amend his Complaint

7    with a claim pursuant to the California Tort Claims Act also does not cure this deficiency.

8    *Id*. at 1, 3; *see also Broam*, 320 F.3d at 1026 n.2 (a court may consider facts outside the

9    complaint when deciding whether to grant leave to amend.)

10    Under the California Government Claims Act,[4] no action for damages may be

11    commenced against a public employee or entity unless a written claim was timely

12    presented (within six months after the challenged incident) and acted upon before filing

13    suit. *See* Cal. Govt. Code §§ 905, 945.4, 950.2. The resulting suit must "allege facts

14    demonstrating or excusing compliance with the claim presentation requirements" or the

15    state law claim is subject to dismissal. *State of California v. Superior Ct.*, 32 Cal.4th

16    1234, 1239 (2004). "The requirement that a plaintiff must affirmatively allege compliance

17    with the [Government Claims Act] applies in federal court." *Butler v. Los Angeles Cnty*,

18    617 F. Supp. 2d 994, 1001 (C.D. Cal. 2008). The underlying incident took place on or

19    about July 6, 2021. ECF No. 1-2 at 6. Plaintiff concedes his claim under the Government

20    Claims Act is time-barred. ECF No. 13 ¶ 4. Plaintiff requests, however, this Court to

21    consider his claim timely under his "mistaken belief" that the Federal Tort Claims Act

22    applied. *Id*. ¶ 4.

23    Under California Government Code § 946.6, a petition may be made to a court for

24

25    [4]    The Ninth Circuit has adopted the California Supreme Court's practice of referring to the California Tort Claims Act as the Government Claims Act. *See Nuveen Mun. High Income Opportunity Fund v. City of Alameda, Cal.*, 730 F.3d 1111, 1124 n.6 (9th Cir. 2013) ("Consistent with the California Supreme Court, we 'adopt the practice of referring to the claims statutes as the Government Claims Act, to avoid the confusion engendered by the informal short title Tort Claims Act.'" (quoting *City of Stockton v. Superior Court*, 42 Cal.4th 730 (2007)).

26

27

28

1    an order relieving the petitioner from the claim presentation requirements of § 945.4.

2    Under § 946(a), "[t]he proper court for filing the petition is a superior court that would be

3    a proper court for the trial of an action on the cause of action to which the claim relates."

4    Cal. Govt. Code § 946.6(a). To the extent Plaintiff seeks leave from this Court to file a

5    late California government claim form, this federal district court is not the proper court for

6    such a petition. *See Oliver v. Ybarra*, 2015 WL 2381349, at *3 (E.D. Cal. May 18, 2015),

7    *report and recommendation adopted*, 2015 WL 4112310 (E.D. Cal. July 8, 2015)

8    ("Because this Court does not have authority to grant relief under § 946(a), any

9    argument regarding excusable neglect is unavailing."). Moreover, because Plaintiff has

10   not opposed Defendant's motion to dismiss, the Court recommends dismissing the

11   Complaint without leave to amend. *See Silva v. U.S. Bancorp*, 2011 WL 7096576, at *3

12   (C.D. Cal. Oct. 6, 2011) (holding that plaintiff conceded to a dismissal of his claim for

13   failing to oppose the motion to dismiss).

14          Accordingly, because any additional leave to file an amended complaint would be

15   futile, the Court recommends granting Defendant's motion to dismiss without leave to

16   amend and denying Plaintiff's motion to amend.

17   **IV.    CONCLUSION**

18          Based upon the findings above, it is RECOMMENDED:

19   1.     Defendant's motion to dismiss (ECF No. 16) be GRANTED without leave to
            amend;

20

21   2.     Plaintiff's motion to amend the Complaint (ECF No. 13) be DENIED;

22   3.     The action be DISMISSED; and

23   4.     The Clerk of the Court be directed to CLOSE this case.

24          These findings and recommendations are submitted to the United States District

25   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within

26   14 days after being served with these findings and recommendations, any party may file

27   written objections with the Court and serve a copy on all parties. This document should

28   be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any

1    reply to the objections shall be served on all parties and filed with the Court within 14

2    days after service of the objections. Failure to file objections within the specified time

3    may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449,

4    455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

5

6    Dated:  February 3, 2025

7                                                                          _____
                                                                          CHI SOO KIM
8                                                                          UNITED STATES MAGISTRATE JUDGE

9    4, hump1127.24

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28